**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Sue Sallee, | No. CV-17-04504-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is the motion for an award of attorneys' fees under 42 U.S.C. § 406(b), (Doc. 23), submitted by Plaintiff's counsel, Mark Caldwell ("Counsel"), which the Commissioner does not oppose.[1] (Doc. 24 at 2.) Counsel seeks $27,361.50 in § 406(b) fees, which does not exceed 25% of Plaintiff's past-due benefits. (Doc. 24 at 1-2; Doc. 24-1 at 3.)

The client-attorney fee agreement provides for a contingency fee—Plaintiff agreed that the attorneys' fee would be 25% of all past-due benefits awarded to her. (Doc. 24-2 at 2.) This is unsurprising, as 25% contingency fee agreements are nearly ubiquitous in the context of social security appeals. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802–04 (2002).

Section 406(b) "calls for court review" of contingency fee agreements. *Id.* at 807–08. "Congress has provided one boundary line: Agreements are unenforceable to the

---

[1] The Commissioner "has no direct financial stake in the answer to the § 406(b) question" because the fees, if granted, will be taken out of Plaintiff's past-due benefits, and therefore the Commissioner's role "resembl[es] that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* "Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

The Court must determine whether it is appropriate to reduce Counsel's recovery "based on the character of the representation and the results the representative achieved" by assessing, for example, whether Counsel is "responsible for delay" or whether "the benefits are large in comparison to the amount of time counsel spent on the case."[2] *Id.* at 808. Counsel included a record of the hours he spent representing Plaintiff. (Doc. 24-3.) Having reviewed the timesheet, the Court finds no cause to reduce Counsel's recovery.

Accordingly,

**IT IS ORDERED** that Counsel's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. 23) is **GRANTED** in the amount of $27,361.50.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must refund the lesser of the EAJA fee award and the § 406(b) fee award to Plaintiff.

Dated this 28th day of April, 2020.

_____
Dominic W. Lanza
United States District Judge

---

[2] This determination does not equate to use of the lodestar method. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) ("The lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of SSDI claimants who need counsel to recover any past-due benefits at all.").